IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23-CR-2026 |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT HARRY BICKERSTAFF, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Pursuant to the Court's Order, the government provides the following information to the Court:

**Potential Witnesses**:

1. None

**Potential Exhibits**:

1. None

**Issues**:

1. Whether a three-level increase for aggravating role in the offense, pursuant to USSG §3B1.1(b), is appropriate?

2. Whether a two-level decrease for zero-point offender, pursuant to USSG §4C1.1, is appropriate?

## I. A THREE-LEVEL INCREASE FOR AGGRAVATING ROLE APPLIES

Section 3B1.1(b) provides for a three-level increase for aggravating role in the offense if the defendant "was a manager or supervisor" (as opposed to an organizer or leader) "and the criminal activity involved five or more participants or was otherwise extensive." In contrast, only a two-level increase for aggravating role is appropriate if the criminal activity did not involve five or more participants and was not otherwise extensive. USSG §3B1.1(c). The guidelines define "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." Here, defendant argues a two-level increase for aggravating role is appropriate, not a three-level increase.

The probation office correctly scored a three-level increase. PSR ¶ 38. Defendant does not dispute that he was a manager or supervisor in the fraud. In his plea agreement, defendant admitted to the crux of the scheme at issue:

> It was a part of the scheme to defraud that defendant and others known and unknown to the grand jury, including managers and employees of Dealer-1 acting at his direction, falsely and fraudulent lowered the weights and/or reduced the numbers and classifications of swine that producers and sellers had delivered to Dealer-1 at its buying stations. It was also part of the scheme to defraud that defendant personally, and others at his direction, either manually or using a crowbar, paddle, or other similar object, manipulated the weights of swine and thus defeated the electronic scales on which livestock producers' swine was weighed at defendant's buying stations. It was also a part of the scheme to defraud that defendant and others acting at his direction created fraudulent "sort sheets" and scale tickets containing false numbers, classifications, and weights of producers' swine, and transmitted the same electronically or via U.S. Mail to [Lynch Livestock]'s headquarters at Waucoma. As a result, defendant and others acting at his direction, including at least E.G., D.W., D.F., S.M., and D.M., caused [Lynch Livestock] to pay the

> livestock producers less than what [Lynch Livestock] owed to the producers.

(R. Doc. 24, at ¶ 7(G); *accord* PSR ¶ 16). E.G. and D.F. were station managers for Lynch Livestock in South Dakota, and S.M., D.W., and D.M. were station managers in Iowa. PSR ¶ 16.

Defendant argues that E.G. and D.F. are not criminal participants, because E.G. and D.F. did not engage in the fraud despite being directed to so by the defendant. PSR ¶ 38, obj. 6. Defendant also denies that the fraud was "otherwise extensive" for purposes of USSG §3B1.1(b).

Although not charged in this matter, E.G. and D.F. each meet the definition of "criminal participant."[1] Notwithstanding the reference in one part of the PSR that E.G. and D.F. refused to lift up on the scale and "add [a] sort" themselves, elsewhere the PSR and defendant's plea agreement made clear that defendant directed E.G. and D.F. to participate in the broader scheme to defraud. (R. Doc. 24, at ¶ 7(G); *accord* PSR ¶ 16). For example, defendant "'made' [E.G.] initial 'phony' scale tickets 'a lot of times.'" PSR ¶ 22. Defendant also instructed E.G. and D.F. to destroy records. PSR ¶ 27.

In any event, the fraud in this case was "otherwise extensive" such that a three-level increase is appropriate. "In assessing whether an organization is 'otherwise extensive,' *all persons involved during the course of the entire offense are*

[1] Only one of these two station managers need meet the definition, because the defendant himself counts as one of the five participants. *United States v. Montoya*, 979 F.2d 136, 128 (8th Cir. 1992) (citing *United States v. Harry*, 960 F.2d 51, 53 (8th Cir. 1992)).

*to be considered*." USSG §3B1.1, cmt. (n.3) (emphasis added). Here, the overarching criminal conduct spanned approximately two decades, in which Lynch Livestock's managers and employees defrauded livestock producers by manipulating the numbers, quality classifications, and weights of swine that Lynch Livestock purchased from producers at its buying stations in the Northern District of Iowa and elsewhere. PSR ¶ 11. There are many identified and unidentified victims in the scheme. PSR ¶ 31. Other managers, including Billie Joe Wickham, Charlie Lynch, Leland Blue, and Tyler Thoms, have already pled guilty and been sentenced for their respective roles in the scheme. PSR, p.1; PSR ¶ 9. The corporation itself has also pled guilty, which also demonstrates the pervasiveness and extent of the scheme here. PSR, p.1. The loss in this case is impossible to calculate, but Lynch Livestock itself has paid over $3 million in restitution in its own criminal and other cases. PSR ¶¶ 30. 95. Because the scheme involves a large loss amount and covered a period of years, this Court should find the scheme is "otherwise extensive." *United States v. Connors*, No. 23-2505, 2024 WL 2861747, at *2 (8th Cir. June 6, 2024) (unpub. per curiam) (quoting *United States v. Belfrey*, 928 F.3d 746, 751 (8th Cir. 2019)).

Accordingly, the Court should overrule defendant's objection to the three-level increase, pursuant to USSG §3B1.1(b).

## II. NO ZERO-POINT OFFENDER DECREASE IS APPROPRIATE

Defendant argues a two-level decrease, pursuant to USSG §4C1.1, is appropriate in this case. To qualify for a §4C1.1 reduction, however, defendant

must meet "all of the criteria" in §4C1.1(a). As relevant here, defendant must show he "did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." USSG §4C1.1(a)(10). As stated in the preceding section, defendant should receive a three-level aggravating role enhancement in this case. (Indeed, it appears defendant admits he should receive at least a two-level aggravating role increase under USSG §3B1.1(c).) Therefore, no zero-point offender reduction under USSG §4C1.1. is appropriate in this case, because defendant does not "meet[] all of the criteria" in USSG §4C1.1(a).

Accordingly, the Court should overrule defendant's objection to the probation office's recommendation to not score a two-level decrease under USSG §4C1.1.

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By, /s/ *Timothy L. Vavricek*

TIMOTHY L. VAVRICEK
Assistant United States Attorney
111 Seventh Avenue, SE, Box 1
Cedar Rapids, IA 52401
319-363-6333
319-363-1990 (Fax)
Tim.Vavricek@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY: /s/ TLV

Copy to:
Mr. Pat Parry